IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:21-CR-104

TERRELL ANDRE HARRIS

### ORDER

On November 30, 2021, the government moved to dismiss without prejudice the indictment against Terrell Andre Harris. Doc. #13. Later the same day, the government, pursuant to Federal Rule of Criminal Procedure 48(a), filed an amended motion to dismiss without prejudice the charges in the indictment against Harris. Doc. #14. As cause, the government represents that it "has evidentiary concerns about whether [it] would be able to establish that HARRIS consented to a search of a package containing essential evidence in the case" and that Harris does not object to the indictment being dismissed without prejudice. *Id.* at 1.

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This 'leave of court' requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (internal quotation marks omitted). However, this discretion must be exercised with a view to the rule's purpose—"to protect the defendant against prosecutorial harassment." *Id.*

As a general rule, a motion for leave to dismiss "should be granted unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (internal quotation marks omitted). "Although the burden of proof is not on the prosecutor to

prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons – reasons that constitute more than a mere conclusory interest." *Id*. (cleaned up).

Here, the government's proffered reason for dismissal—evidentiary concerns about whether it can sufficiently establish Harris' consent to the search of a package containing essential evidence—is sufficient. Accordingly, the amended motion to dismiss [14] is **GRANTED**. The charges in the indictment against Terrell Andre Harris are **DISMISSED without prejudice**. The initial motion to dismiss [13] is **DENIED as moot**.

**SO ORDERED**, this 3rd day of December, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**